# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK BUCHANAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-09-744-D |
| | ) |
| STATE OF OKLAHOMA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, a state prisoner appearing *in forma pauperis*, brought this *pro se* action pursuant to 42 U. S. C. § 1983, contending that his constitutional rights were violated during his incarceration at two Oklahoma correctional facilities. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Valerie K. Couch for initial proceedings. As required by 28 U. S. C. § 1915A and 28 U. S. C. § 1915, the Magistrate Judge conducted an initial review of the Complaint. On March 4, 2010, she filed a Report and Recommendation [Doc. No. 25] in which she recommended that the Complaint be dismissed *sua sponte* for failure to sate a claim upon which relief may be granted; she also recommended that the dismissal count as a "prior occasion" or "strike" pursuant to 28 U. S. C. § 1915(g). Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

Plaintiff has sued over thirty persons or entities, asserting claims against them in both their individual and official capacities. The Magistrate Judge construed the Amended Complaint most liberally in Plaintiff's favor, as required by *Haines v. Kerner,* 404 U.S. 519 (1972), and addressed each allegation that could arguably be construed as a cause of action. The Court agrees with her construction of the Amended Complaint, and her conclusion that Plaintiff's § 1983 causes of action

include claims based on deprivation of Eighth Amendment rights because of his medical needs, deprivation of his personal property during his incarceration, a conspiracy to deprive him of his personal and legal property during his incarceration, and the retaliatory destruction of his legal property, including trial transcripts, correspondence, and related materials.

As the Magistrate Judge explained, dismissal of a complaint is proper where, having construed all allegations most liberally in the plaintiff's favor, the Court concludes that he cannot present a plausible right to relief. *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247-48 (10th Cir. 2008)(citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A district court may always dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) "'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Justice v. Oklahoma Dept. of Human Services Child Welfare* 122 F. App'x. 938, 940 (10th Cir. 2004) (unpublished opinion) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)); *see also Curley v. Perry*, 246 F. 3d 1278, 1284 (10th Cir.2001).

With respect to the claims asserted against the defendants in their official capacities, the Magistrate Judge correctly concluded that these claims should be dismissed upon filing. Section 1983 claims can be asserted only against persons acting under color of state law; such cannot be asserted against a state, a state agency, or a state official acting in his official capacity because they are not "persons" under the statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). Eleventh Amendment immunity bars such claims, and Oklahoma and its agencies and officers have not waived that immunity as to § 1983 claims. *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F. 3d 584, 589 (10th Cir. 1994). As the Magistrate Judge also correctly noted, Eleventh Amendment immunity may be raised and addressed by the Court *sua sponte*. *Nelson v. Geringer*,

295 F. 3d 1082, 1098 n. 16 (10th Cir. 2002).

The Court agrees that this issue is properly raised at this stage of the proceedings. Furthermore, the Court agrees the official capacity claims asserted must be dismissed for the reasons set forth in the Report and Recommendation. Dismissal is with prejudice because a § 1983 claim applies only to a person; the individuals sued in their official capacities and the State and its agencies are not persons for purposes of § 1983 and are entitled to immunity from liability.

With respect to Plaintiff's claims asserted against Lexington Assessment and Reception Center ("LARC") and against Dick Conner Correctional Center ("DCCC"), the Magistrate Judge correctly determined that the claims against these entities should also be dismissed with prejudice. LARC and DCCC are detention facilities operated by the State, and they have no separate legal identity, nor are they "persons" for § 1983 purposes. *See Aston v. Cunningham*, 2000 WL 796086, at *4 n. 3 (10th Cir. June 21, 2000) (unpublished opinion). As the Magistrate Judge explained, the majority of courts considering the question have agreed with the Tenth Circuit that a detention facility lacks the capacity to be sued. *See* Report and Recommendation at p. 10 and n. 8. Plaintiff's claims against LARC and DCCC are dismissed with prejudice.

The Magistrate Judge also concluded that the individual capacity claims against the defendants should be dismissed. As she discussed in detail at pages 11 and 12 of the Report and Recommendation, individual liability under § 1983 must be based on personal participation in the alleged constitutional violation. *Gallagher v. Shelton*, 587 F. 3d 1063, 1069 (10th Cir. 2009). Many of the claims asserted by Plaintiff against individually named defendants state that the individual is a supervisor; supervisors are not liable under § 1983 for the actions of others unless the plaintiff alleges facts to show the supervisor's personal participation in the alleged conduct. In this case, the

claims against Defendants Jones, Franklin, Province, Green, Blair, Carpenter, Honaker, Hill, and "Doe Security Major at DCCC," are dismissed for this reason. Additionally, as the Magistrate Judge points out, the claims against the collective defendants named as "Lexington Correctional Security Staff" and "Dick Conners Correctional Security Staff" are dismissed for the same reason. As the Magistrate Judge recommended, dismissal of these claims is with prejudice because of the absence of any factual allegations to support direct personal participation by these defendants. *Steele v. Bureau of Prisons*, 355 F. 3d 1204, 1214 (10th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The remaining § 1983 claims asserted by Plaintiff are based on alleged Eighth Amendment violations related to personal hygiene during his housing in a segregated unit and Plaintiff's need for regular insulin medication. With respect to the former allegations, the Magistrate Judge analyzed the same and concluded that the alleged deprivations cited by Plaintiff are insufficient as a matter of law to rise to the level of Eighth Amendment violations. *See* Report and Recommendation at pages 15 and 16. Accordingly, she recommended the dismissal of his claims against Defendant Lieutenant Jones. The Court agrees with the analysis and conclusion and thus adopts the same.

The Eighth Amendment claim based on Plaintiff's medical needs is discussed in detail at pages 17 through 19 of the Report and Recommendation. As the Magistrate Judge noted, Plaintiff lists numerous complaints regarding certain Defendants' conduct with respect to the alleged failure to provide a medical evaluation, his work assignments, and his meal schedules. The Magistrate Judge correctly concluded that Plaintiff failed to allege that he suffered substantial harm as a result of these actions or omissions, and substantial harm is an essential element of the claim. *See Sealock*

*v. Colorado*, 218 F. 3d 1205, 1210 (10th Cir. 2007). Even if he had asserted that allegation, however, he also failed to allege any facts to suggest that any of the named defendants acted with a sufficiently culpable state of mind; an Eighth Amendment claim based on medical needs requires a showing that the defendant knew the plaintiff "faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan v. Poppell*, 471 F. 3d 1155, 1159 (10th Cir. 2006) (internal citation and quotation omitted). In fact, Plaintiff's allegations reflect that at least some of the claimed deprivations resulted from exigencies caused by the detention facility's lockdown status rather than a conscious disregard for Plaintiff's medical needs.

The Court concludes that the Magistrate Judge accurately analyzed Plaintiff's Eighth Amendment claims and found them deficient. For the reasons set forth in the Report and Recommendation, the Court agrees that these claims should be dismissed with prejudice.

With respect to Plaintiff's claims regarding the loss or confiscation of his personal property, including legal materials, the Magistrate Judge concluded that these claims do not rise to the level of due process violations. As she explained at pages 20 and 21 of the Report and Recommendation, Plaintiff fails to identify the defendants allegedly involved in the loss or theft of his property. Even if he had done so, however, random and unauthorized deprivation of an inmate's personal property does not violate due process if post-deprivation remedies are available.
*Hudson v. Palmer*, 468 U.S. 517, 533 (1984). As the Magistrate Judge explained at page 21 of the Report and Recommendation, such remedies are available under Oklahoma law.

The Court agrees that the Magistrate Judge correctly concluded that Plaintiff's claims based on deprivation or theft of his personal property and an alleged conspiracy to deprive him of the same are not cognizable claims under § 1983. The Court agrees that these claims must be dismissed with

prejudice.

In addition to the foregoing claims, Plaintiff also appears to assert a claim based on denial of his right of access to the courts. He alleges that Defendant Delos Batson, the Law Library Supervisor at DCCC, imposes deadlines on the use of the library and the time inmates may spend in completing legal research. These allegations are asserted in general terms, and fail to explain how Plaintiff has been prejudiced as a result of the library rules. Nor does Plaintiff assert facts to show how Defendant Batson personally participated in any harm that Plaintiff believes he suffered as a result of the library rules.

As the Magistrate Judge pointed out, to state a claim based on denial of access to the courts, Plaintiff must show that he was prejudiced in pursuing litigation because of the alleged denial. *Trujillo v. Williams*, 465 F. 3d 1210, 1226 (10th Cir. 1996) (citations omitted). Plaintiff's allegations are insufficient to state a claim based on denial of access to the courts.

Plaintiff's final claims are not based on § 1983 but expressly seek habeas corpus relief. He contends that, for the last twenty-eight years, the Department of Corrections has deliberately hindered him from appealing his alleged wrongful incarceration. He also challenges the constitutionality of prison disciplinary proceedings; he seeks money damages as a result of these claims.

The Magistrate Judge correctly concluded that habeas claims are not cognizable in a § 1983 action and must be pursued in a proper habeas action. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). In any event, monetary damages are not recoverable in a habeas claim. Without addressing the statute of limitations regarding such claims, the Magistrate Judge recommended that these claims be dismissed without prejudice to their assertion in a properly filed habeas action. The Court agrees

with and adopts that recommendation.

The Court has reviewed Plaintiff's objection to the Report and Recommendation. No argument asserted is sufficient to overcome the conclusion that, under the governing law and the facts asserted, Plaintiff cannot state a § 1983 claim on any of the bases asserted. Nor can he cure the deficiencies in his § 1983 claims by filing another amended complaint. Additionally, the habeas claims asserted are not properly brought in a § 1983 action.

For the foregoing reasons, the Report and Recommendation [Doc. No. 25] is adopted. Plaintiff's § 1983 claims are dismissed with prejudice. The dismissal shall be counted as a prior occasion or "strike" pursuant to 28 U. S. C. § 1915(g) after Plaintiff has exhausted or waived his right to appeal, in accordance with *Jennings v. Natrona County Detention Center Medical Facility*, 175 F. 3d 775, 780 (10th Cir. 1999). Plaintiff's habeas claims are dismissed without prejudice to their assertion in a properly filed habeas action, assuming Plaintiff can satisfy the applicable statute of limitations for filing a habeas claim.

IT IS SO ORDERED this 8th day of April, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE